# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EUGENIA NOCEDA REED,**

          **Plaintiff,**

**v.**                                       **Case No:   6:14-cv-1234-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

          **Defendant.**

_____

# MEMORANDUM OF DECISION

      Eugenia Noceda Reed (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for a period of disability and disability insurance benefits.   Doc. No. 1.   Claimant argues the Administrative Law Judge (the "ALJ") erred by: 1) assigning Dr. Cam Nguyen's opinion "very little weight," and not weighing the opinions of Drs. Melchor Carbonell and Albert Ponterio; and 2) finding her testimony concerning her pain and limitations not credible.   Doc. No. 16 at 10-16, 21-26. Claimant argues the matter should be reversed for an award of benefits or, in the alternative, remanded for further proceedings.   Doc. No. 16 at 29.   For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

## I.    <u>STANDARD OF REVIEW.</u>

      The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).   Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.   *Foote v. Chater*, 67

F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).   Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.   *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.   *Foote*, 67 F.3d at 1560.   The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"   *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.   <u>ANALYSIS.</u>

Claimant filed an application for a period of disability and disability insurance benefits ("DIB").   R. 21, 156-57.   For DIB claims, a claimant is eligible for benefits where he or she demonstrates disability on or before his or her date last insured ("DLI").   *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).   Claimant originally alleged disability beginning on June 8, 2001, but later amended her onset date to March 15, 2005.   R. 23, 44, 156.   Claimant last met the insured status requirements of the Social Security Act on December 31, 2006.   R. 23.   Therefore, Claimant was required to demonstrate that she was disabled on or before December 31, 2006. *Moore*, 405 F.3d at 1211.     Bearing this in mind, the Court turns to Claimant's arguments.

Claimant challenges the ALJ's decision to assign "very little weight" to Dr. Nguyen's July 26, 2012 RFC assessment.   Doc. No. 16 at 10-16.   Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the

ALJ's sequential evaluation process for determining disability.   In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.   *Id.* at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).   "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'"   *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight.   *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."

*Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41).   Thus, good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records.   *Id.*

The record reveals that Dr. Nguyen qualifies as a treating physician.   *See generally* R. 245-1996.   On July 26, 2012, Dr. Nguyen completed a "Medical Source Statement of Ability to do Work-Related Activities (Physical)" (the "Assessment").   R. 1984-89.   In the Assessment, Dr. Nguyen opined Claimant can occasionally lift and carry up to ten (10) pounds, as a result of her

degenerative disc disease of the cervical and lumbar spine with radiculopathy.  R. 1984.  Dr. Nguyen opined Claimant can sit for one hour without interruption, and sit for a total of five (5) hours in an eight (8) hour workday.  R. 1985.  Dr. Nguyen opined Claimant can stand for fifteen (15) minutes without interruption, and stand for a total of one hour in an eight (8) hour workday. *Id*.  Dr. Nguyen opined Claimant can walk for fifteen (15) minutes without interruption, but did not opine regarding the total amount of time Claimant can walk in an eight (8) hour workday.  *Id*. Dr. Nguyen opined Claimant can occasionally user her right hand/arm for reaching in all directions, handling, fingering, feeling, pushing, and pulling.  R. 1986.  Dr. Nguyen opined Claimant can occasionally user her left hand/arm for reaching overhead, and frequently use her left hand/arm for handling, fingering, feeling, pushing, and pulling.  *Id*.  Dr. Nguyen opined Claimant can occasionally user her feet to operate foot controls.  *Id*.  Dr. Nguyen opined Claimant can occasionally climb stairs and ramps, stoop, and crouch, but never climb ladders or scaffolds, balance, kneel, or crawl.  R. 1987.  Dr. Nguyen opined Claimant can occasionally work with moving mechanical parts, operate a motor vehicle, and work in humid and wet environments, but never work at unprotected heights, in extreme heat and cold, or with vibrations. R. 1988.  Dr. Nguyen opined that the foregoing impairments first presented on March 15, 2005 and lasted for twelve (12) consecutive months.  R. 1989.

At step two of the sequential evaluation process, the ALJ found Claimant suffered from the following severe impairments through the date last insured: degenerative disc disease; thyroid disorder; affective mood disorder/depression; carpal tunnel syndrome; left elbow and hand pain; right hand pain; left knee pain; and bilateral shoulder pain.  R. 23.  At step four of the sequential evaluation process, the ALJ determined that Claimant has a RFC to perform "light work" with the following functional limitations:

> [Claimant] could frequently balance, reach in all directions including overhead, and handle.  The claimant could occasionally climb ramps and stairs, stoop, kneel and crouch but never climb ropes/ladders/scaffolding or crawl.  She could not push and/or pull with either upper extremity and must avoid concentrated exposure to hazards such as machinery and unprotected heights or parts.  The claimant can tolerate no more than frequent changes in the work setting and no more than frequent judgment/decision making.  She should perform work involving meeting goals rather than production rate type work.

R. 24-25.[1]  In reaching this RFC, the ALJ provided an accurate summary of Dr. Nguyen's Assessment, which is more restrictive than the ALJ's RFC determination in several respects.   R. 26.[2]  Thereafter, the ALJ assigned Dr. Nguyen's Assessment "very little weight" because it: 1) is internally inconsistent; 2) the restrictions are not supported by the medical evidence of record; and 3) it was inconsistent with the claimant's reported activities of daily living.  R. 27.  The ALJ provided no further detail concerning his reasons for assigning Dr. Nguyen's Assessment "very little weight."  *Id.*

Claimant argues the ALJ does not clearly articulate why Dr. Nguyen's Assessment is internally inconsistent and not supported by the record overall.  Doc. No. 16 at 13-14.  Further, Claimant argues Dr. Nguyen's opinions are consistent with the medical evidence of record from the relevant period, and thus Dr. Nguyen's Assessment should have been accorded substantial or considerable weight.  *Id.* at 14-15.  In response, the Commissioner argues the "ALJ provided good reasons, supported by substantial evidence, for his decision to give little weight to" Dr.

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.   Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.   To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."   20 C.F.R. § 404.1567(b).

[2] For example, the ALJ limited Claimant to light work, which, as previously mentioned, requires "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."   20 C.F.R. § 404.1567(b). However, Dr. Nguyen opined that Claimant can only occasionally lift and carry up to ten (10) pounds, as a result of her degenerative disc disease of the cervical and lumbar spine with radiculopathy.   R. 1984.

Nguyen's Assessment.   Doc. No. 16 at 19.   In so arguing, the Commissioner attempts to provide the explanation that is lacking from the ALJ's decision by highlighting portions of the medical record and testimony she maintains are inconsistent with Dr. Nguyen's Assessment.   *Id.* at 19-20. The Court, however, will not affirm the Commissioner's decision based on such post hoc rationalization.   *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).

The ALJ's first two reasons for assigning Dr. Nguyen's Assessment very little weight are conclusory.   Specifically, the ALJ does not explain how the Assessment is internally inconsistent nor does he provide any basis for the conclusion that the restrictions contained therein are not supported by the medical evidence.   R. 27.   Conclusory statements by an ALJ to the effect that an opinion is internally inconsistent or not supported by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion.   *See Anderson v. Astrue*, Case No. 3:12-cv-308-J-JRK, 2013 WL 593754, at *5 (M.D. Fla. Feb. 15, 2013) (the ALJ must do more than recite a good cause reason to reject a treating physician's opinion and must articulate evidence supporting that reason); *see also Poplardo v. Astrue*, Case No. 3:06-cv-1101-J-MCR, 2008 WL 68593, at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating physician's opinion requires remand); *Paltan v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342, at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating physician's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required.").   The ALJ did not articulate any factual support for such conclusory findings (R. 27), and the Court will not attempt to determine what evidence the ALJ relied on, as such an exercise

would impermissibly require the Court to reweigh the evidence.  *See, e.g.*, *Anderson*, 2013 WL 593754, at *5; *Poplardo*, 2008 WL 68593, at *11; *Paltan*, 2008 WL 1848342, at *5.

Unlike the first and second reasons, the ALJ's third reason for discounting Dr. Nguyen's Assessment is not conclusory.   In assessing Claimant's credibility, the ALJ noted Claimant engaged in the following activities during the relevant period: 1) attending church on a regular basis; 2) surfing the internet; 3) visiting the library; 4) applying for jobs; 5) attending classes two days a week for a master's degree in rehabilitation counseling; and 6) caring for her son who suffers from Asperger's syndrome.  R. 26-27.   Immediately following the ALJ's assessment of Claimant's credibility, the ALJ weighed Dr. Nguyen's Assessment finding, among other things, it to be inconsistent with Claimant's reported activities of daily living.  R. 27.   Although the ALJ does not expressly refer to his previous discussion of Claimant's activities of daily living, a reasonable reading of his decision strongly suggests that he was referring to his prior discussion of Claimant's activities during the relevant period.

The ALJ's reliance on Claimant's activities during the relevant period does not provide substantial evidence to support the ALJ's determination to assign little weight to Dr. Nguyen's Assessment.  Specifically, the ALJ did not explain how and to what extent Claimant's activities contradicted the restrictions in the Assessment.  R. 27.   Thus, the Court finds itself in the same position as it did with respect to the ALJ's conclusory reasons for assigning little weight to the Assessment.   This is particularly problematic since Claimant's activities, in and of themselves, do not appear to contradict the limitations in the Assessment.   For example, there is no indication the activities identified by the ALJ required Claimant to lift and/or carry up to ten (10) pounds more than occasionally.  *See* R. 26-27.   Thus, in that regard, the activities would be consistent with the Assessment.  R. 1984.   Furthermore, several of the activities identified by the ALJ are not

necessarily the type that would preclude a finding of disability, to wit, attending church, surfing the internet, and visiting the library.   *See Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997) (noting that the claimant's successful completion of a six-minute treadmill exercise was not necessarily indicative of his ability to work, and the fact that he did housework and went fishing was not inconsistent with the limitations recommended by his treating physicians).   For these reasons, the Court, without further explanation from the ALJ, is unable to conduct a meaningful review of whether the activities he identified indeed contradict the restrictions in the Assessment. Thus, the ALJ's third reason for assigning little weight to the Assessment is not supported by substantial evidence.

Accordingly, the ALJ's decision is not supported by substantial evidence because he did not articulate good cause for assigning Dr. Nguyen's Assessment less than substantial or considerable weight.   For these reasons, the Commissioner's decision must be reversed.[3]

Since reversal is necessary, the Court must address Claimant's bald request that the case be remanded for an award of benefits.   Doc. No. 16 at 29.   Reversal for an award of benefits is only appropriate either where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, or where the Claimant has suffered an injustice.   *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (disability beyond a doubt warrants award of benefits); *See Walden*, 672 F.2d at 840.   Here, reversal is based on the conclusory reasons articulated by the

---

[3] This issue is dispositive and therefore there is no need to address Claimant's remaining arguments.   *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).   Although not argued, the Court notes the ALJ cursorily dismissed the Veteran's Administration ("VA") findings regarding Claimant's disability on the basis that "the VA is a separate federal agency that has its own definition of 'disability' which differs from that of the Social Security Administration."   R. 27.   A VA disability rating, while not binding on the Commissioner, "is evidence that should be considered and is entitled to great weight."   *Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 914 (11th Cir. 2015) (citing *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984)).   The record contains at least two (2) VA disability ratings relating to the relevant time period, which rated her at 30% and 70% disabled.   R. 180-87.   On remand, the ALJ should review these VA disability ratings and address the weight these disability ratings are entitled.

ALJ for assigning Dr. Nguyen's Assessment less than substantial or considerable weight.   Neither the reason necessitating reversal nor the record establish that Claimant is disabled beyond a doubt or that Claimant has suffered an injustice.   Accordingly, Claimant's request to remand for an award of benefits is not well-taken, and the matter shall be remanded for further proceedings.

III.    **CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1.  The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2.  The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on November 27, 2015.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Michael A. Krasnow
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Office
Desoto Building, Suite 400
8880 Freedom Crossing Trl.
Jacksonville, FL 32256-1224